**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 14-cr-00233-REB-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  YOLANDA BARRAZA CASTILLO,
     a/k/a Yolanda Barraza-Castillo,
     a/k/a Yolanda Valdez-Castillo,
     a/k/a Yolanda B. Castillo,
     a/k/a Carmen Ochoa-Velasquez,

Defendant.

**PROTECTIVE ORDER REGARDING JENCKS ACT,
RULE 26.2, AND RULE 16 MATERIAL**

**Blackburn, J.**

The matter is before the court on the **Government's Motion for Protective Order for Jencks Act, Rule 26.2 And Rule 16 Material** [#22][1] filed July 8, 2014, concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named defendant.  See Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2), 26.2 and 49.1; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631 32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

The Government informs the Court that the underlying investigation involved undercover contacts and wiretap surveillance activities which generated digitally recorded files and other material subject to disclosure at or before trial.  For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion.  The Government has expressed concerns that the Rule 16, Rule 26.2, and Jencks Act protected documents, such as audio files, photographs, witness statements, and reports of statements of witnesses or persons assisting law enforcement, shall not be left in the exclusive custody of a defendant or be published outside of official proceedings in this case.  The Government cites concerns for witnesses or other persons that could stem from the unauthorized publication, duplication, or circulation of recordings or certain written documents, possibly to include photographs or personal identifying information reflected in NCIC/CCIC types of reports, or other records which may be disclosed to the defense at trial or in the context of general pretrial discovery.

The Court finds and concludes that the concerns expressed have merit, that the burden on the defense of controlling the dissemination of such material disclosed to the defense before trial is not unreasonably onerous, and that encouraging the early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the Government's motion.

**THEREFORE, IT IS ORDERED** as follows.

1. That the **Government's Motion for Protective Order for Jencks Act, Rule 26.2, Rule 49.1 And Rule 16 Material** [#22] filed July 8, 2014, is **GRANTED**;

2. That Rule 26.2 material and Jencks Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, digital files, photographs, personal identifying information such as addresses, dates of birth, and social security numbers for witnesses or other persons, any NCIC/CCIC reports, and similar records furnished to the defense by the Government in this case **SHALL BE USED** only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose;

3. That Rule 26.2 material and Jencks Act material reflecting the personal identifying information described above, to include records showing statements by witnesses, reports of witness statements or debriefing statements, digital files, transcripts, photographs, criminal history documents, or testimony **SHALL BE HANDLED** in accordance with Rule 49.1 and **SHALL REMAIN** in the physical custody and control of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with 4such defense attorneys

4. That Rule 16, Rule 26.2, and Jencks Act material **SHALL NOT BE LEFT** in the exclusive custody of the defendant; provided, however, that the defendant, witnesses, and other persons assisting the attorneys for the defendant **MAY REVIEW** the Rule 16, Rule 26.2, and Jencks Act material, but such review must be accomplished

without violating the rule that the Rule 16, Rule 26.2, and Jencks Act material is to remain, at all times, under the custody and physical control of the defense attorneys, either personally or through the custody and control of associates or confidential employees or assistants of the attorneys;

    5.  That where a defendant has been detained before trial pursuant to Title 18 U.S.C. Section 3142 or 3145, the parties **ARE DIRECTED** to coordinate with the U.S. Marshal Service to coordinate the reasonable availability, where such arrangements are reasonable, of the above described pretrial discovery material by use of read-only facilities under the custody and control of the warden, sheriff, or superintendent of the facility where the defendant is being detained before trial, and such facilities must not allow a defendant to e-mail or duplicate the material;

    6.  That with the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Rule 26.2 material, Jencks Act material, and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, **SHALL NOT BE COPIED, REPRODUCED, PUBLISHED, OR PUBLICLY CIRCULATED** by the defense without further order of Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case;

    7.  That in the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they **MAY EXEMPT** such material by mutual agreement;

8.  That in the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, photograph, or other material in the case, the parties **MAY BRING** the issue to the attention of the Court; and

9.  That at the conclusion of the case, the described Rule 16 material, Rule 26.2 material, Jencks Act material, NCIC/CCIC records, digital files, and photographs **SHALL BE RETURNED** to the Government or disposed of in a manner that prevents unauthorized disclosure.

Dated July 8, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge