**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                     November 19, 2015

Courtroom Deputy:  Kathleen Finney
Court Reporter:       Tracy Weir
Probation Officer:    Justine Kozak
Interpreter:              Tatiana Contreras

**Criminal Action No.  14-cr-00233-REB-1**

*Parties:*                                                      *Counsel:*

UNITED STATES OF AMERICA,                    Guy Till

    Plaintiff,

v.

1.  YOLANDA BARRAZZA-CASTILLO,          Boston Stanton
    a/k/a Yolanda Barraza-Castillo,
    a/k/a Yolanda Valdez-Castillo,
    a/k/a Yolanda B. Castillo,
    a/k/a Carmen Ochoa-Velasquez,

    Defendant.

**SENTENCING MINUTES**

**11:06 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Interpreter: government and defendant stipulate as to interpreter's qualifications; interpreter sworn.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has

conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows: that the **Government's § 5K1.1 and § 3553(e) Motion for Downward Departure Based on Substantial Assistance** [#226] is **GRANTED**; that the **Government's Motion to Dismiss Indictment (Doc. 1), First Superseding Indictment (Doc. 19), and Counts One, Two, Three, Four, Seven, Eight, Ten, Eleven, Twelve, and Thirteen of the Second Superseding Indictment (Doc. 52) as to Defendant Yolanda Barraza Castillo Only** [#234] is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts Five, Six, and Nine of the Second Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **seventy-two (72) months** on Counts 5 and 6, which sentences shall be served concurrently, and **thirty-six (36) months** on Count 9, which sentence shall be served consecutively to the sentences imposed on Counts 5 and

      6, for a total of **one hundred eight (108) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **eight (8) years** on Counts 5 and 6 and **five (5) years** on Count 9, which terms shall be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

7. That no fines are imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $300;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That this court recommends that the Bureau of Prisons designate the defendant to FCI Dublin, located at 5701 Eighth Street, Dublin, California, 94568; and

13. That the defendant is remanded to the custody of the United States Marshal.

The defendant waives formal advisement of appeal.

**11:50 a.m.    Court in recess.**

Total time in court: 00:44

Hearing concluded.